UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**FELIX CAMPOS**,

    Plaintiff,

v.                                                           Case No. 8:24-cv-00493-WFJ-AEP

**WILLIAMS RUSH
& ASSOCIATES, LLC.**

    Defendant.

_____/

## ORDER

Before the Court is Plaintiff Felix Campos's Motion for Default Judgment (Dkt. 10) against Defendant Williams Rush & Associates, LLC ("Defendant"). After careful review, the Court grants Mr. Campos's Motion.

### BACKGROUND

Mr. Campos brings the instant cause of action under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692–1692p ("FDCPA"). On February 22, 2024, Defendant texted Mr. Campos attempting to collect a consumer debt. *Id.* ¶ 7. That same day, Mr. Campos responded via text message, stating "I have no money so I decline to pay." *Id.* ¶ 8. On February 23, 2024, Defendant replied to Mr. Campos's text: "Understood. Are you able to make a partial payment? Any amount would

help in order to give you payment options." *Id.* ¶ 9. Mr. Campos alleges that Defendant's reply violated the FDCPA. Dkt. 1 ¶ 10. He asks for actual damages, statutory damages, costs, and attorneys fees. *Id.* ¶ 14.

Mr. Campos filed the instant Complaint on February 25, 2024, properly served Defendant on March 5, 2024, and entered a Return of Service on March 21, 2024. Dkt. 5 at 1. Defendant failed to appear, so Mr. Campos moved for a Clerk's Default, which was granted on April 22, 2024. Dkt. 9 at 1. On May 3, 2024, Defendant still had not entered an appearance, filed any pleadings, or otherwise defended the case, so Mr. Campos moved for Default Judgment. Dkt. 10 at 2–3.

Mr. Campos requests a Default Judgment that Defendant is liable, $1,000 in statutory damages, $3,864.49 in fees and costs, and judgment interest. *Id.* at 9–10. In support of the Motion, he attached an itemized accounting of attorneys fees and costs. *Id.* at 6–7.

## LEGAL STANDARD

A court may enter a default judgment against a defendant who has failed to plead or defend in response to a complaint against it. Fed. R. Civ. P. 55(b); *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244 (11th Cir. 2015). Default judgment is warranted where there is "a sufficient basis in the pleadings for the judgment entered." *Surtain*, 789 F.3d at 1245 (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir.1975)). The "sufficient basis"

standard is "akin to that necessary to survive a motion to dismiss for failure to state a claim." *Id.* As a result, the court should determine if the facts in the Complaint state a claim with facial plausibility. *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim is facially plausible if its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Iqbal*, 556 U.S. at 678). "It is well settled that the defendant, by his default, admits the plaintiff's well-pleaded allegations of fact[.]" *Lary v. Trinity Physician Fin. & Ins. Servs.*, 780 F.3d 1101, 1106 (11th Cir. 2015) (quotation omitted).

Upon entry of a default judgment, a court may conduct a hearing to determine the correct amount of damages. *Giovanno v. Fabec*, 804 F.3d 1361, 1366 (11th Cir. 2015). However, a hearing is not always necessary. *Id.* "The district court may forego a hearing where all essential evidence is already of record." *Id.* (quotation omitted).

## DISCUSSION

There is a sufficient basis in the pleadings to enter default judgment. However, the Court requires additional briefing on fees and costs.

### I. Liability

Mr. Campos asserts that Defendant's February 23, 2024, text violated section 1692c(c) of the FDCPA. Dkt. 1 ¶ 13. That section states:

3

> If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except **(1)** to advise the consumer that the debt collector's further efforts are being terminated; **(2)** to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or **(3)** where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.

15 U.S.C. § 1692c(c).

The FDCPA defines a "consumer" as "any natural person obligated or allegedly obligated to pay any debt." § 1692a(3). A "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another," with certain exceptions. § 1692a(6). Though not defined in the FDCPA or its enacting regulations, the term "in writing" can encompass "a medium of electronic communication through which a debt collector accepts electronic communications from consumers." Official Interpretations of Regulation F, 12 CFR part 1006, 85 Fed. Reg. 76734-01, 2020 WL 7014904, at *76898 (Nov. 30, 2020); *see also Bajramovic v. Nationwide Recovery Serv., Inc.*, 4:22-CV-00136-WMR-WEJ, 2023 WL 4401543, at *6 n.17 (N.D. Ga. May 24, 2023) (relying on FTC interpretive commentary to analyze the FDCPA).

4

Mr. Campos, a consumer, alleges that Defendant is a debt collector. Dkt. 1 ¶¶ 3, 5. He further asserts that, after receiving Defendant's first text message, he notified Defendant, also via text message, that he would not pay the debt. *Id.* ¶¶ 7–8. Defendant purportedly replied back via text. *Id.* ¶ 9. Because Defendant both initiated and continued a text messaging conversation with Mr. Campos, the Court may reasonably infer that Defendant accepts electronic communications from consumers—thus, Mr. Campos's notification was "in writing."

Defendant's reply text was an attempt to work out a partial payment plan. *Id.* ¶ 9. As Defendant's reply does not fall within one of the three exceptions outlined in section 1692c(c), this continued communication violated the FDCPA. *See* 15 U.S.C. 1692c. Because Mr. Campos made out a facially plausible claim of an FDCPA violation, there is a sufficient basis in the pleading for entry of default judgment as to liability.

## II.   Damages

Mr. Campos seeks the maximum statutory damages, as well as fees, costs, and judgment interest. The FDCPA provides for actual damages and "such additional damages as the court may allow, but not exceeding $1,000." § 1692k(a). When fixing the amount of statutory damages, courts should consider "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was

intentional," as well as any other relevant factors. § 1692k(b)(1). Mr. Campos has not presented the Court with evidence or argument that supports a maximum award in this case. Accordingly, the Court awards half the maximum, or $500. Furthermore, he has not adequately supported his fee request.

When awarding attorneys fees in FDCPA cases, courts apply the "lodestar" approach:

> The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate. This "lodestar" may then be adjusted for the results obtained. Although a district court has wide discretion in performing these calculations, the court's order on attorney's fees must allow meaningful review—the district court must articulate the decisions it made, give principled reasons for those decisions, and show its calculation.

*Moton v. Nathan & Nathan, P.C.*, 297 F. App'x 930, 931–32 (11th Cir. 2008) (citing *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)). Mr. Campos's attorney did provide a fee itemization, but the record is silent as to the reasonableness of the hours she expended or the prevailing market rate for such work in the community. *See id.* at 931. Because there is insufficient evidence in the record, the Court requires a refiling and affidavit on fees.

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

(1) Plaintiff's Motion for Default Judgment (Dkt. 10) is **GRANTED**.

(2) Plaintiff will file additional, more descriptive information on fees and costs within 20 days.

**DONE AND ORDERED** at Tampa, Florida, on May 31, 2024.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record