UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**FELIX CAMPOS**,

    Plaintiff,

v.                                        Case No. 8:24-cv-00493-WFJ-AEP

**WILLIAMS RUSH
& ASSOCIATES, LLC**,

    Defendant.
_____/

## ORDER

Before the Court is Plaintiff Felix Campos's request for attorney's fees and costs, contained in his Motion for Default Judgment against Defendant Williams Rush & Associates, LLC. *See* Dkt. 10 ¶ 10. After careful consideration, the Court grants-in-part and denies-in-part Plaintiff's request.

## BACKGROUND

In a previous Order, the Court granted Plaintiff's Motion for Default Judgment and awarded him $500 in statutory damages. Dkt. 11 at 5–6. Because the Motion did not adequately support its request for fees, the Court requested additional briefing on that issue. *Id.* Specifically, the Court asked Plaintiff's attorney to demonstrate that she worked a reasonable number of hours and that she charged the prevailing market rate for the community. *Id.* at 5. Despite the Court's caution that

it would take up the matter after July 3, 3024, Dkt. 12, Plaintiff did not file the requested brief.

## LEGAL STANDARD

When awarding attorneys fees in FDCPA cases, courts apply the "lodestar" approach. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994). Under this method, courts "multiply the number of hours reasonably expended by a reasonable hourly rate," then adjust, if necessary, for the result obtained. *Id.*

The fee applicant "bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates." *Norman v. Housing Auth.*, 836 F.2d 1292, 1299 (11th Cir. 1988). Direct evidence or opinion testimony is acceptable, so long as the evidence submitted "speak[s] to rates actually billed and paid in similar lawsuits." *Id.* Neither "testimony that a given fee is reasonable" nor the mere "affidavit of the attorney performing the work" will suffice. *Id.* Similarly, "[g]eneralized statements that the time spent was reasonable or unreasonable of course are not particularly helpful and not entitled to much weight." *Id.* at 1301. Evidence of hours expended must be "reasonably precise." *Id.*

"Where documentation is inadequate, the district court is not relieved of its obligation to award a reasonable fee." *Id.* at 1303. In cases where "there is a lack of documentation or testimonial support," the court may fix an award based on its own experience and independent judgment. *Id.*

## ANALYSIS

In the instant matter, Plaintiff's counsel submitted an itemized bill and her own affidavit stating that the fees sought are "reasonable." Dkt. 10 at 6–7, 10. Generalized assertions and affidavits of the attorney performing the work are "unsatisfactory" evidence of reasonableness. *Norman*, 836 F.2d at 1299. As a result, the Court relies on its own knowledge and experience to make the award. *See id.* at 1303.

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Loranger*, 10 F.3d at 781. In the Middle District of Florida, the prevailing market rate for cases arising under the Fair Debt Collection Practices Act ("FDCPA") is between $100.00 and $350.00 per hour for attorneys. *See Frechette v. Nat'l Credit Sys., Inc.*, 8:19-cv-37-T-23JSS, 2020 WL 7408378, at *3 (M.D. Fla. Mar. 30, 2020) (collecting cases). An attorney may be entitled to fees on the upper end of this scale if she is highly experienced, if the case is "novel or difficult," if the case was undesirable, or if "counsel was precluded from other employment due to the pendency of [the] action." *Id.* at *4. Plaintiff's attorney billed at $375 per hour, but she did not provide evidence indicating that her experience or the circumstances of the case warrant a high-end fee. The Court therefore finds that $300 per hour is a reasonable hourly rate for the work performed.

3

Attorneys seeking fee awards must "exercise 'billing judgment.'" *Norman*, 836 F.2d at 1301 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Billing judgment requires a cost-benefit analysis that avoids unnecessary or excessive work. *Id.* Consequently, "a lawyer may not be compensated for hours spent on activities for which he would not bill a client of means who was seriously intent on vindicating similar rights." *Id.* Here, Plaintiff claims that his attorney performed 9.2 hours of work. Dkt. 10 at 7. 5.0 hours is reasonable, given the very simple nature of the claim and the lifecycle of the case.

Plaintiff did not argue that the fee amount should be adjusted for the results obtained. The four-page Complaint was a one-count claim based on a single text message. *See* Dkt. 1. Defendant never appeared, and the claim was resolved by an unopposed motion for default judgment. Given these facts, the Court sees no need to adjust the award. Consequently, the proper attorney's fee award is $300.00 per hour times 5.0 hours expended, or a total of $1,500.00.

Plaintiff also requested $414.49 in costs—$405.00 for his filing fee and $9.49 for mailing. While filing fees are taxable, mailing costs are not. *See Rodriguez v. City Buffet Mongolian Barbeque, Inc.*, 8:18-cv-2745-T-60CPT, 2020 WL 4275657, at *4 (M.D. Fla. June 24, 2020). As a result, Plaintiff is due $405.00 in costs.

Accordingly, the Court awards Plaintiff $1,500.00 in attorney's fees and $405.00 in costs, to be taxed against Defendant.

**DONE AND ORDERED** at Tampa, Florida, on July 9, 2024.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record